UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:26-cv-3839-SK Date: August 18, 2026

Title Amelia Santiago Sernas v. Markwayne Mullin, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Ashley Silva-Elder | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| --- | --- |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER STRIKING UNTIMELY FIRST AMENDED PETITION AND REQUIRING PETITIONER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED**

The first amended petition filed on August 17, 2026 is untimely. (ECF 14, 15). And it is unaccompanied by any request or stipulation supported by good cause to permit late filing. What's more, it violates the order granting leave to file the first amended petition because to the extent that it challenges the constitutional adequacy of petitioner's May 22, 2026 bond hearing, it doesn't lodge the digital audio recording of that hearing or include a certified transcript of that hearing—as the court had ordered must be filed if the bond hearing is the intended target of the petition. (ECF 14).

Moreover, the first count of the amended petition alleges a violation of the Administrative Procedure Act (APA) based on petitioner's initial classification as a mandatory detainee under 8 U.S.C. § 1225(b)(2)—even though there is no longer any dispute that petitioner is detained under § 1226(a), eliminating the premise of petitioner's APA claim on its own terms. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026). Besides, the APA typically only provides for judicial review of agency action when "there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Trump v. J.G.G.*, 145 S. Ct. 1003, 1006–07 (2025) (Kavanaugh, J., concurring). But the availability of relief under § 2241 means that "habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 145 S. Ct. at 1007 (Kavanaugh, J.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-3839-SK | Date: August 18, 2026 |
| Title | Amelia Santiago Sernas v. Markwayne Mullin, et al. | |

concurring). Otherwise, if petitioner's claim of arbitrary and capricious agency action is just another way of attacking the immigration judge's detention decision, it would be subsumed by a claim properly raising such a claim. *See generally Martinez v. Clark*, 124 F.4th 775, 782–84 (9th Cir. 2024); *but cf.* 8 U.S.C. § 1226(e).

For these reasons, the first amended petition (ECF 15) is ordered STRICKEN. And petitioner is ordered to show cause why this action should not be dismissed—in whole or in part—for failure to obey court orders and lack of a cognizable habeas claim under the APA. Petitioner may discharge this order by filing a second amended petition—alleging only cognizable claims consistent with this order—by no later than 5 PM PT on August 21, 2026, in which case respondents' answer to the amended petition shall be filed by no later than 5 PM PT on August 28, 2026, with petitioner's optional reply to that answer due by no later than 5 PM PT on September 2, 2026.

Nothing in this order is intended to prejudice the parties' claims or defenses. But if no timely second amended petition is filed as ordered, this action will be involuntarily dismissed—with or without prejudice—with no further warning. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.